J-S27012-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :        PENNSYLVANIA
                                            :
              v.                    :
                                            :
                                            :
DANTE ALAN BONNER           :
                                            :
           Appellant         :    No. 1199 WDA 2018

Appeal from the PCRA Order Entered June 15, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008568-2013,
CP-02-CR-0008642-2013, CP-02-CR-0012173-2012

BEFORE: OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OLSON, J.:                FILED MAY 21, 2019

Appellant, Dante Alan Bonner, appeals pro se from the order entered on

June 15, 2018, which dismissed his petition filed under the Post Conviction

Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We quash this appeal.

We previously summarized the facts underlying Appellant's convictions

and sentence:

> The factual background of case CP-02-CR-0012173-2012
> ("case 12173") is as follows. On October 5, 2012, Allegheny
> County Housing Authority Police noticed a vehicle driving in
> reverse while failing to stop at a stop sign. Police observed
> Appellant, the front passenger in the vehicle, reach under his
> seat. A search of the vehicle found heroin, a firearm, and
> marijuana located under Appellant's seat.
>
> The factual background of case CP-02-CR-0008568-2013
> ("case 8568") is as follows. In the early morning hours of
> April 17, 2013, Pittsburgh Police conducted a traffic stop of a
> blue Dodge Avenger. Before the officers could exit their
> vehicle, Appellant, who was located in the rear seat of the

_____

\* Retired Senior Judge assigned to the Superior Court.

Avenger, fled the vehicle. Officer Christopher Kertis pursued Appellant and, during that pursuit, Appellant fired three shots at Officer Kertis. At least one of those shots hit Officer Kertis. Officer Kertis received treatment at the hospital, but still suffers symptoms as a result of the shooting.

The factual background of case CP-02-CR-0008642-2013 ("case 8642") is as follows. On February 15, 2013, Sergeant Cristyn Zett was driving her personal vehicle when Appellant backed his vehicle into Sergeant Zett. She exited her vehicle and identified herself as a law enforcement officer. A struggle between Sergeant Zett and Appellant ensued and Appellant fled the scene. Appellant was later located and Sergeant Zett identified him as the individual who backed into her vehicle.
. . .

On June 10, 2014, Appellant [pleaded guilty to a number of crimes, including:] two counts of carrying a firearm without a license, two counts of possession of a firearm by a prohibited person, possession of a small amount of marijuana, possession of a controlled substance, possession with intent to deliver a controlled substance, evidence tampering, attempted homicide, assault of a law enforcement officer, recklessly endangering another person, receiving stolen property, aggravated assault, resisting arrest, [and] fleeing the scene of an accident. . . .[1] In exchange for his guilty pleas, the Commonwealth requested that the sentences at cases 12173 and 8642 run concurrently with the sentence at case 8568. After the completion of a pre-sentence investigation report ("PSI"), on September 4, 2014, Appellant was sentenced to an aggregate term of 39 to 78 years' imprisonment.[fn.2]

> [fn.2] The aggregate sentence included 10 to 20 years for attempted homicide, 20 to 40 years for assault of a law enforcement officer, 1 to 2 years for recklessly endangering another person, 3½ to 7 years for carrying a firearm without a license, 2½ to 5 years for receiving

_____

1 18 Pa.C.S.A. §§ 6106(a)(1), 6105(a)(1), and 6105(c)(8); 35 P.S. §§ 780-113(a)(31), (16), and (30); 18 Pa.C.S.A. §§ 4910(1), 901(a), 2501, 2702.1(a), 2705, 3925(a), 2702(a)(3), 5104, and 3743(a), respectively.

stolen property, and 2 to 4 years for possession of a firearm by a prohibited person. In accordance with Appellant's plea agreement, these sentences were imposed at case 8568, while punishments for the offenses charged at cases 12179 and 8642 were ordered to run concurrently to case 8568.

*Commonwealth v. Bonner*, 135 A.3d 592, 595-596 (Pa. Super. 2016) (some footnotes omitted), appeal denied, 145 A.3d 161 (Pa. 2016).

We affirmed Appellant's judgment of sentence on February 23, 2016 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 27, 2016. Id.

On July 17, 2017, Appellant filed a timely, pro se PCRA petition. Within this petition, Appellant claimed that his plea counsel was ineffective for: "advising [Appellant] to take a plea[] that was changed at the last moment into an open plea" and "failing to properly prepare for sentencing, where [Appellant] has a history of mental health [problems] and continues to suffer from those issues." Appellant's Pro Se PCRA Petition, 7/17/17, at 3-4.

The PCRA court appointed counsel to represent Appellant during the proceedings. See PCRA Court Order, 7/21/17, at 1. However, on January 18, 2018, appointed counsel filed a petition to withdraw as counsel and a no-merit letter, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

On February 7, 2018, Appellant filed an amended pro se PCRA petition and claimed that his guilty plea was involuntary and unknowing because, at the time, he believed he was entering a negotiated guilty plea, where the negotiated sentence was 20 to 40 years in prison. See Appellant's Amended

- 3 -

Pro Se PCRA Petition, 2/7/18, at 1-14. Appellant claimed that he was entitled to relief, as he did not receive the benefit of his plea bargain. See id.

On May 17, 2018, the PCRA court entered an order, which notified Appellant that it intended to dismiss his petition without holding an evidentiary hearing and, further, granted counsel's petition to withdraw. PCRA Court Order, 5/17/18, at 1-4; see also Pa.R.Crim.P. 907(1).

The PCRA court dismissed Appellant's petition on June 15, 2018 and Appellant filed a single notice of appeal for all three docket numbers. PCRA Court Order, 6/15/18, at 1-5; Appellant's Notice of Appeal, 7/9/18, at 1.

Before we consider the merits of Appellant's claims, we first determine whether this appeal is properly before us. Appellant, on July 9, 2018, filed a single notice of appeal listing three docket numbers, rather than separate notices of appeal at each docket in accordance with Pa.R.A.P. 341. Because of this procedural misstep, we are constrained to quash.

In Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), our Supreme Court recognized that the "Official Note to Rule 341 provides a bright-line mandatory instruction [] to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." Id. at 976-977. The Court, however, determined that the failure to file separate notices of appeal would result in quashal only for appeals filed after the date of that decision, i.e., June 1, 2018. The instant appeal was filed on July 9, 2018. Therefore, the rule announced in Walker governs.

Walker mandates that, after June 1, 2018, failure to file separate notices in accordance with the Official Note to Rule 341(a) "will result in quashal of the appeal." Walker, 185 A.3d at 977. The Supreme Court did not carve out any exceptions to this rule and we have no authority to do so. Moreover, the plain text of the commentary to Rule 341 states, "Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P. 341 cmt. (emphasis added). Accordingly, we quash this appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019